Otto C. Jaeger, S.
In this trustees’ accounting proceeding the court is asked to construe division (III) of part (D) of article eieth of the will which, insofar as pertinent, provides: “ (III) The income from Trust (III) shall be paid to my son, eli lustig, jr., until he shall arrive at the age of twenty-one (21) years, when Ten per centum (10%) of the principal sum shall be paid to him; thereafter the income from the balance remaining shall be paid to him until he shall arrive at the age of twenty-four (24) years, when an amount equal to Twelve and one-half per centum (1,2% %) of the original principal thereof shall be paid to him; thereafter, the income from the balance remaining shall be paid to him until he shall arrive at the age of twenty-seven (27) years, when an amount equal to Fifteen per centum (15%) of the original principal thereof shall be paid to him; thereafter, the income from the balance remaining shall be paid to him until he shall arrive at the age of thirty (30) years, when an amount .equal to Seventeen and one-half per centum (17%%) of the original principal thereof shall be paid to him; thereafter the income from the balance remaining shall be paid to him until he shall arrive at the age of Thirty-three (33) years, when an amount equal to Twenty per centum (20%) of the original principal thereof shall be paid to him; thereafter, the income from the balance remaining shall be paid *903 to Mm until he shall arrive at the age of thirty-six (36) years, when the balance of principal remaining shall he paid to Mm ”. (Emphasis added.)
The beneficiary is given the right to 10% of the “ principal sum” upon attaining age 21. Upon attaining ages 24, 27, 30 and 33 he is given the right to “ an amount equal to ” a progressively increasing percentage of “ original principal ”. Bead in context, the term “ original principal ” is understood as referring to the same “principal sum ” on which the initial 10% payment was to be computed. By using these terms the testator manifested his intention that the sum to be used in calculating the various percentage payments was to remain constant; that is, it was not to be reduced by the amount of principal to which the beneficiary had previously become entitled, nor was it to fluctuate as a result of increases or decreases in the value of principal assets. Only by reference to a sum which would remain constant could the testator carry out his scheme which was to assure that upon attaining each successive age Ms son would become entitled to an actual “ amount ” which would be 2%% greater than that to which he had become entitled three years previously.
In the opinion of the court the ‘ ‘ principal sum 5 ’ which the testator had in mind and upon which all percentage payments are to be computed is represented by the aggregate inventory value of principal assets received by the trustees at such time as the trust became fully funded. That sum is the “ original principal ”.
In Ms report the guardian ad litem has raised a further construction issue which could present a problem in the future in the event that testator’s son should die before arriving at age 36. However, since the son is still living the issue is presently academic and will not now be determined.
On June 12, 1967 the trustees of the aforesaid trust received 2.325 shares of the common stock of International Business Machines Corp. representing a 2%% stock dividend declared on January 24, 1967 to stockholders of record on May 4, 1967. The trustees seek a construction of the will to determine whether this stock dividend is principal or income.
Section 27-e of' the Personal Property Law (new EPTL 11-2.1), in effect at the time the dividend accrued, provides that such stock distributions of not more than 6% are to be treated as income, unless the instrument creating the trust directs otherwise.
*904 In subdivision (2) of article- “ eighth ” of the will the testator directed his trustees to treat as principal all stock dividends payable in the shares of the distributing corporation “ except that they shall treat as income, stock dividends declared at regular intervals in lieu of cash dividends, and regular dividends optionally payable in either cash or stock. ’ ’
It appears that the dividend in question was the first stock dividend declared by the corporation since a 2%% stock dividend paid on January 30, 1959 to holders of record on January 6,1959, and was in addition to the regular cash dividend. None of the parties contend that as a matter of fact the dividend falls within the category of stock dividends “ declared at regular intervals in lieu of cash dividends ” or that the dividend was “optionally payable in either cash or stock”. However, the trustees are concerned as to the effect, if any, of subdivision (b) of paragraph 3 of the statute (Personal Property Law, § 27-e), which provides that a distribution in the shares of the distributing corporation at the rate of 6% or less of the shares of such corporation upon which the distribution is made 1 ‘ shall be deemed to be regular and shall be deemed to be in lieu of a cash dividend or dividends.” If subdivision (b) of paragraph 3 applies to the stock dividend in question then, under the terms of the will, it should be treated as income.
Subdivision 3 (par. [b]) states a rule of construction which is applicable only “ For the purpose of determining whether a will * * * has directed that a stock dividend or distribution * * * shall be income in a manner other than as provided ” in the statute. In other words, the rule of construction applies for the purpose of deciding only one question, to wit: whether the will provides that the distribution is income contrary to the 6% statutory provision. The rule does not apply for the purpose of deciding the opposite question, to wit: whether the will provides that the distribution is principal contrary to the 6% statutory provision. Here we are deciding the latter question. Therefore, the rule of construction does not apply.
The will is construed as directing that the IBM stock dividend be treated as principal.
The fee of the firm of attorneys, one of whose members is also a cotrustee, is allowed in the amount requested for all legal services rendered and to be rendered to and including the settlement of the decree and distribution thereunder and the proposed allocation thereof among the three trusts accounted for is approved. Proper disbursements may be taxed as costs.